AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT
2020 FEB 12 PM 3: 52
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV. DAYTON

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

INFORMATION ASSOCIATED WITH
PARTICULAR CELLULAR TOWERS

)
)
)
)
)

Case No.        3:20 mj 070██

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A - This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 1951 | Interference with commerce by threats or violence |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of  __30__  days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SA CHRISTOPHER REED, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  **2/12/20**

_____
*Judge's signature*

City and state:  DAYTON, OHIO

MICHAEL J. NEWMAN U.S. MAGISTRATE JUDGE
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This Warrant applies to certain records and information associated with the following cellular telephone towers ("cell towers") at the following dates and times:

| Cell Tower Sectors Servicing | Dates | Times (**EST**) |
|---|---|---|
| 1625 N. Main Street, Dayton Ohio 45405, and/or the towers that service that location. | October 30, 2019 | 7:00pm to 7:45pm |
| 4000 Salem Avenue, Trotwood Ohio 45416 and/or the towers that service that location | November 19, 2019 | 8:00pm to 8:45pm |
| 2431 N. Gettysburg Avenue, Dayton Ohio 45406, and/or the towers that service that location | November 26, 2019 | 6:30pm to 7:15pm |
| 1625 N. Main Street, Dayton, Ohio 45405, and/or the towers that service that location | November 30, 2019 | 6:45pm to 7:30pm |
| 3222 Salem Avenue, Dayton, Ohio 45406, and/or the towers that service that location | December 3, 2019 | 9:15pm to 10:00pm |
| 763 Troy Street, Dayton, Ohio 45404, and/or the towers that service that location | December 10, 2019 | 6:15pm to 7:00pm |
| 3295 W. Siebenthaler Avenue, Dayton, Ohio 45405, and/or the towers that service that location | December 10, 2019 | 9:30pm to 10:15pm |
| 4263 W. Third Street, Ohio 45417, and/or the towers that service that location | December 30, 2019 | 6:30pm to 7:15pm |

## ATTACHMENT B

### Particular Things to be Seized

I.    **Information to be Disclosed by the Provider**

For each cell tower in described in Attachment A, the cellular service providers identified below are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made using the cell tower during the corresponding timeframe(s) listed in Attachment A, including records that identify:

a.    the telephone call number and unique identifiers for each wireless device in the vicinity of the cell tower ("the locally served wireless device") that registered with the cell tower, including Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), and International Mobile Equipment Identities ("IMEI");

b.    the source and destination telephone numbers associated with each communication (including the number of the locally served wireless device and the number of the telephone that transmitted a communication to, or to which a communication was transmitted by, the locally served wireless device);

c.    the date, time, and duration of each communication;

d.    for each communication, the "sector(s)" (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device; and

e.    the type of the communication transmitted through the tower (such as phone call or text message).

These records should include records about communications that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

The following cellular service providers are required to disclose information to the United States pursuant to this warrant:

1.    **AT&T Mobility**, a cellular service provider located at 11760 US Hwy 1, North Palm Beach, FL 33408.

2.    **Cellco Partnership DBA Verizon Wireless** a cellular service provider located at 180 Washington Valley Road, Bedminster, NJ 07921.

3.    **T-Mobile USA**, a cellular service provider located at 4 Sylvan, Parsippany, NJ 07054.

4.    **Sprint/Nextel Communications**, a cellular service provide located at 6480 Sprint Parkway, Overland Park, KS 66251.

## II.    Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 1951 – Interference with Commerce by Threats or Violence that occurred on or about the dates and times listed in Attachment A.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

IN THE MATTER OF THE SEARCH OF
INORMATION ASSOCIATED WITH
PARTICULAR CELLULAR TOWERS

Case No. _____

**Filed Under Seal**

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, **Christopher Reed**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for records and information associated with certain cellular towers ("cell towers") that is in the possession, custody, and/or control of  **AT&T Mobility**, a cellular service provider located at 11760 US Hwy 1, North Palm Beach, Florida 33408;  **Cellco Partnership DBA Verizon Wireless** a cellular service provider located at 180 Washington Valley Road, Bedminster, New Jersey 07921; **T-Mobile USA**, a cellular service provider located at 4 Sylvan, Parsippany, New Jersey 07054; and **Sprint/Nextel Communications**, a cellular service provide located at 6480 Sprint Parkway, Overland Park, Kansas 66251.   The information sought to be searched is described in the following paragraphs and in Attachment A.   This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) which would require **AT&T Mobility,  Cellco Partnership DBA Verizon Wireless, T-Mobile USA, and Sprint/Nextel Communications** to disclose to the Government copies of the information further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, Government-authorized persons will review the said information to locate items described in Section II of Attachment B.

2.     I have been employed with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Special Agent (S/A) since May, 2008.  Prior to my employment with ATF, I received additional law enforcement training at the Indianapolis Police Department's Police Academy. I was previously a sworn police officer with the Indianapolis Metropolitan Police Department (IMPD) for approximately (8) years. As a police officer, I conducted various investigations in the capacity as a uniformed officer, and a plain-clothes narcotics detective and as an ATF Task Force Officer. I have been involved in numerous investigations of Federal firearms and narcotic violations.  These investigations have resulted in the arrest and conviction of criminal defendants.

3.     The facts set forth in this affidavit arise from my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about subject investigation.

4.     Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1951(a)(1) – Interference with Commerce by Threats or Violence have occurred. There is also probable cause to search the information described in Attachment A for evidence of this crime as further described in Attachment B.

### PROBABLE CAUSE

5.     On or about October 30, 2019 at approximately 1914 hours, a suspected male individual, described as wearing dark colored pants, dark colored hooded sweatshirt with white drawstrings and a white mask conducted an armed robbery of the Boost Mobile Store located at 1625 N. Main Street, Dayton, Ohio. This business is equipped with video surveillance equipment, which was properly functioning at said time and as such, recorded the event.

6.     At approximately 1914 hours, the suspected male individual entered the said business and reportedly brandished a handgun while ordering the business employee to take the money from the cash register and place it into the suspect's blue backpack. The suspect left the business shortly thereafter.

7.     On or about November 19, 2019 at approximately 2018 hours, a suspected male individual, described as wearing gray colored pants, dark colored jacket with a hood over his head and a white mask conducted an attempted armed robbery of the Dollar General Store located at 4000 Salem Avenue, Trotwood Ohio. This business is equipped with video surveillance equipment, which was properly functioning at the time and as such, recorded the event.

8.     At approximately 2018 hours, the suspected male individual entered the said business and reportedly brandished a handgun while demanding the business employee give him the money from the cash register. The suspect placed a blue backpack on the counter and began to look around the store as the employee attempted to open the register. Realizing the employee was unsuccessful at opening the register, the suspect proceeded to leave the store. Before leaving the premises, the suspect discharged one shot from a handgun. The suspect left the business shortly thereafter.

9.     On or about November 26, 2019 at approximately 1850 hours, a suspected male individual, described as wearing dark colored pants, dark colored hooded sweatshirt with white drawstrings and a dark colored mask, conducted an armed robbery of the Metro PCS Store located at 2431 N. Gettysburg Avenue, Dayton, Ohio. This business is equipped with video surveillance equipment, which was properly functioning at said time and as such, recorded the event.

3

10. At approximately 1850 hours, the suspected male individual entered the said business and reportedly brandished a handgun while ordering the employee to take money from the cash register and IPhones and place them in a red bag. The suspect left the business shortly thereafter.

11. On or about November 30, 2019 at approximately 1859 hours, a suspected male individual, described as wearing dark colored pants, dark colored hooded sweatshirt with white drawstrings and a white mask conducted an armed robbery of the Boost Mobile Store located at 1625 N. Main Street, Dayton, Ohio. This business is equipped with video surveillance equipment, which was properly functioning at the time and as such, recorded the event.

12. At approximately 1859 hours, the suspected male individual entered the said business and reportedly brandished a handgun while ordering the two business employees to provide him with money and cellular phones. The suspect pulled a red bag from inside his dark colored jacket and gave it to the business employee. The suspect told the female employee to place the money in the bag and to hurry up. The suspect then followed the male employee into a side room and ordered him to retrieve cellular phones. After the store employee retrieved the phones, the suspected stated he did not want them if they were not IPhones. The suspect left the business shortly thereafter.

13. On or about December 3, 2019 at approximately 2138 hours, a suspected male individual, described as wearing gray colored pants, dark colored hooded sweatshirt with white drawstrings and a dark colored mask, conducted an armed robbery of the Family Dollar Store located at 3222 Salem Avenue, Dayton, Ohio. This business is equipped with video surveillance equipment, which was properly functioning at the time and as such, recorded the event.

14. At approximately 2138 hours, the suspected male individual entered the said business and reportedly brandished a handgun while ordering business employees to place the cash registers' money drawers into his red bag. The suspect left the business shortly thereafter.

15. On or about December 10, 2019 at approximately 1827 hours, a suspected male individual, described as wearing dark colored pants, dark colored hooded sweatshirt with white drawstring and a red colored mask, conducted an armed robbery of the Super Wireless Store, located at 763 Troy Street, Dayton Ohio. This business is equipped with video surveillance equipment, which was properly functioning at the time and as such, recorded the event.

16. At approximately 1827 hours, the suspected male individual entered the said business and reportedly brandished a handgun while ordering the business employee for cash and cellular phones. The suspect handed the employee a light colored pillowcase to place the phones into as the suspect took the cash from the register. The suspect left the business shortly thereafter.

17. On or about December 10, 2019 at approximately 2150 hours, a suspected male individual, described as wearing dark colored pants, dark colored hooded jacket with white drawstrings and a dark colored mask, conducted an armed robbery of the Family Dollar Store located 3295 W. Siebenthaler Avenue, Dayton, Ohio. This business is equipped with video surveillance equipment, which was properly functioning at the time and as such, recorded the event.

18. At approximately 2150 hours, the suspected male individual entered the said business and reportedly brandished a handgun while ordering the business employee to open the cash register. The suspect dumped the first cash drawer into a pillowcase and then took the cash from the second drawer. The suspect left the business shortly thereafter.

19.     On or about December 30, 2019 at approximately 1844 hours, a suspected male individual, described as wearing dark colored pants, dark colored hooded sweatshirt with white drawstrings and a dark colored mask conducted an armed robbery of the Boost Mobile Store located at 4263 W. Third Street, Dayton, Ohio. This business is equipped with video surveillance equipment, which was properly functioning at the time and as such, recorded the event.

20.     At approximately 1844 hours, the suspected male individual entered the said business and while reportedly brandishing a handgun, ordered the business employee to empty the cash register drawer into the suspect's black bag. The suspect then asked the business employees about IPhones. The suspect left the business shortly thereafter.

21.     Based upon my prior training and experience, I have learned that **AT&T Mobility, Cellco Partnership DBA Verizon Wireless, T-Mobile USA, and Sprint/Nextel Communications** are each companies that provide cellular communications service to the general public. In order to provide this service, many cellular service providers maintain antenna towers ("cell towers") that serve and provide cellular service to specific geographic areas. Each cell tower receives signals from wireless devices, such as cellular phones, in its general vicinity. By communicating with a cell tower, a wireless device can transmit and receive communications, such as phone calls, text messages, and other data. When sending or receiving communications, a cellular device does not always utilize the cell tower that is located closest to it.

22.     Based on my prior training and experience, I also know that each cellular device is identified by one or more unique identifiers. For example, with respect to a cellular phone, the phone will be assigned both a unique telephone number but also one or more other identifiers such as an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a

Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The types of identifiers assigned to a given cellular device are dependent on the device and the cellular network on which it operates.

23.    Based on my prior training and experience, I also know that cellular providers, such as **AT&T Mobility, Cellco Partnership DBA Verizon Wireless, T-Mobile USA, and Sprint/Nextel Communications** routinely and in the regular course of their business, maintain historical cell-tower log information, including records identifying wireless communications that were transmitted through a particular cell tower. For each communication, these records may include the telephone call number and unique identifiers for the wireless device that sent or received the communication ("the locally served wireless device"); the source and destination telephone numbers associated with the communication (including the number of the telephone that called or was called by the locally served wireless device); the date, time, and duration of the communication; the cell tower(s) that handled the communication as well as the "sectors" (i.e. the faces of the towers) that received a radio signal from the locally served wireless device; and the type of communication transmitted (such as phone call or text message).

24.    Based on my prior training and experience coupled with the above stated facts, I am aware that certain information maintained by cellular service providers such as **AT&T Mobility, Cellco Partnership DBA Verizon Wireless, T-Mobile USA, and Sprint/Nextel Communications, could assist law enforcement authorities in revealing and establishing certain** cell towers (and, where applicable, sector) that were used by a given cellular device to engage in a particular communication. This information in-turn can be used to establish that a

particular target device was in the general vicinity of a particular cell tower at the time a particular communication of interest to subject investigation occurred. As such, certain records described in Attachment B could assist in identifying the cellular devices that were in the vicinity of the Boost Mobile Store(s), the Dollar General Store, the Metro PCS Store, the Family Dollar Store(s), the Super Wireless Store at and around the time the previously described crimes occurred. This information, in turn, will assist law enforcement in determining which person(s) were present during the commission of the aforesaid crimes which violated 18 U.S.C. § 1951(a), to wit: Interference with Commerce by Threats or Violence.

## AUTHORIZATION REQUEST

25.     Based on the foregoing, I request that the Court issue the proposed search warrants, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

26.     I further request that the Court direct **AT&T Mobility, Cellco Partnership DBA Verizon Wireless, T-Mobile USA, and Sprint/Nextel Communications** to disclose to the undersigned representative of the U.S. Government any information described in Section I of Attachment B that is currently within their possession, care, custody, or control. As such, the requested warrant(s) will be served upon appropriate officials of **AT&T Mobility, Cellco Partnership DBA Verizon Wireless, T-Mobile USA, and Sprint/Nextel Communications** directing them to timely compile the requested records, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

27.     I further request that the Court order that all associated papers connected with, and in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss sensitive facts and circumstances associated with

8

the ongoing criminal investigation that are not presently public nor otherwise known to the various targets of the subject investigation.

28.     Accordingly, there is good cause to seal these documents because premature disclosure may seriously jeopardize the integrity of the subject investigation, thereby giving targets an opportunity to possibly destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

_____
Christopher Reed
Special Agent
Bureau of Alcohol Tobacco Firearm (ATF)

Subscribed and sworn to before me on _____February 12,_____ 2020

_____
MICHAEL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE